## LOCKWOOD v. DEWEY.

(Supreme Court, Appellate Term.　October 25, 1899.)

1. SALE—WARRANTY—MEASURE OF DAMAGES—REPAIRS.

In an action to recover for breach of warranty, the plaintiff cannot, in absence of evidence of other damage, recover more than what it would, according to the uncontradicted evidence, cost to repair the defect complained of.

2. SAME—CAPACITY OF HEATER—EXPENSES—EVIDENCE.

In an action to recover for breach of warranty as to the capacity of a heater, evidence that, by reason of a defect constituting a breach of warranty, plaintiff had to take his son from work to watch the heater for three months, and that the son's time was worth a dollar a day, in the absence of proof of what the son's work was or whether he was paid for it, or that the father was entitled to the proceeds of the work from which the son was taken, or that he paid the son for watching the heater, or that he agreed to pay the son anything, does not warrant a verdict allowing the value of the son's services as an element of damages.

Appeal from municipal court, borough of the Bronx, Second district.

Action by Frank P. Lockwood against William H. Dewey. From a judgment in favor of plaintiff, defendant appealed. Modified and affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Emanuel G. Bullard, for appellant.
H. T. Marston, for respondent.

PER CURIAM. Taking the view most favorable to the plaintiff by accepting the finding of the jury that there was an express warranty of the capacity of the heater, the judgment rendered in his favor must nevertheless be modified, as there is no adequate proof to sustain the award of damages. The jury found a verdict for the plaintiff in the sum of $75. The paintiff's expert, however, testified that it would cost only from $6 to $8 to repair the defect, and the experts of the defendant agreed with these figures. The recovery must therefore be limited to this sum. It is true that the plaintiff testified that he had to take his son from work to watch the heater during a period of three months, and that the son's time. "was worth a dollar a day." This testimony will not support the additional damage awarded. There is no proof what the son's work was, or whether he was paid for it; nor is there proof that the father was entitled to the proceeds of the work from which the son was taken, or that he actually paid anything to the son for watching the heater. There is in fact nothing in the record to overcome the presumption of gratuitous service on the part of the son. For aught that appears, the son may have been taken away from work which he was performing for his father without any agreement for compensation. The judgment should be reduced to $8.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the respondent consent to a

reduction of the amount of recovery to $8, in which event the judgment will be reduced to that sum, and, as so modified, affirmed, without costs to either party.

